IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO.WR-70,969-01 & 70,969-02






EX PARTE RAMIRO F. GONZALES









ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 04-02-9091-CR IN THE 38TH JUDICIAL DISTRICT COURT


MEDINA COUNTY





 Per Curiam. 

O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted in September 2006 of capital murder committed on January
15, 2001. Tex. Penal Code Ann. § 19.03(a)(2). Based on the jury's answers to the special
issues set forth in the Texas Code of Criminal Procedure, Article 37.071, sections 2(b) and
2(e), the trial court sentenced him to death. Art. 37.071, § 2(g). (1) This Court affirmed
applicant's conviction and sentence on direct appeal. Gonzales v. State, No. AP-75,540
(Tex. Crim. App. June 17, 2009) (not designated for publication).

 Applicant's initial habeas application, Ex parte Gonzales, WR-70,969-01, was denied
in 2009. Applicant then filed a federal habeas petition in 2010. The federal district court
granted his motion to stay and abate the proceedings so that he could return to state court
with unexhausted claims. Gonzales v. Thaler, No. SA-10-CA-165-OG (W. Dist. - San
Antonio, Jan. 31, 2011). Applicant then filed this subsequent application for writ of habeas
corpus in the trial court on February 23, 2011. In compliance with Art. 11.071, § 5(b)(1), the
trial court forwarded this application to this Court.

 We have reviewed this subsequent application and find that the allegations fail to
satisfy the requirements of Article 11.071, § 5(a). Accordingly, the application is dismissed
as an abuse of the writ. Art. 11.071, § 5(c). The Motion for Funding for Expert Assistance
is also dismissed. See Ex parte Blue, 230 S.W.3d 151, 167 (Tex. Crim. App. 2007).

 However, we may on our own initiative choose to exercise our authority to reconsider
our initial disposition of a capital writ. See Ex parte Moreno, 245 S.W.3d 419, 427-29 (Tex.
Crim. App. 2008) (stating that we may choose to exercise this authority only "under the most
extraordinary of circumstances"). The subsequent application includes allegations that the
judge who signed the findings of fact and conclusions of law with respect to Writ No. WR-70,969-01 was not assigned to that case and that the procedure outlined in Article 11.071,
Section 8 was not followed. The application further includes allegations that these
procedural variations affected the trial court's findings, conclusions, and recommendation
on the merits. The current record supports the allegation that no written order of assignment
authorized Judge Simmonds to sign the findings and conclusions, but this record is not
sufficient to resolve the matter of whether he was in fact authorized to sign them. In
addition, the current record supports the allegation that the procedure set forth in Article
11.071, Section 8 was not followed, but the record is not sufficient to resolve the matter of
whether this variation affected the findings, conclusions, and recommendation on the merits. 
Accordingly, we exercise our authority to reconsider Writ No. WR-70,969-01 on our own
initiative.

 Writ No. WR-70,969-01 is remanded to the trial court for an opportunity to develop
the record and re-evaluate the findings of fact, conclusions of law, and recommendation. The
trial court may order affidavits or hold a live hearing if warranted. The trial court may re-adopt its prior findings of fact, conclusions of law, and recommendation, or it may make new
or additional findings and conclusions and a new recommendation to this Court.

 This cause will be held in abeyance pending the trial court's compliance with this
order. The trial court shall resolve the issues presented within 60 days of the date of this
order. (2) A supplemental transcript containing the trial court's resolution and any additional
findings of fact and conclusions of law, along with all affidavits and interrogatories or a
transcript of the court reporter's notes from any hearing or deposition, shall be returned to
this Court within 90 days of the date of this order. (3)

 IT IS SO ORDERED THIS THE 1ST DAY OF FEBRUARY, 2012.

Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.
2. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
3. Any extensions of this time period should be obtained from this Court.